# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8143 | **DATE** | December 15, 2011 |
| **CASE TITLE** | U.S. ex rel. Craig Armstrong (#00125673) vs. Peterson | | |

**DOCKET ENTRY TEXT**

Petitioner's petition is dismissed without prejudice to him filing an amended petition. His motions to proceed *in forma pauperis* ("IFP") (Doc [3]) and for the appointment of counsel (Doc [4]) are denied. To proceed with this case, Petitioner must pay the $5.00 filing fee and submit an amended petition in accordance with this order within thirty (30) days of the date of this order. His failure to comply will result in summary dismissal of this case without prejudice. The clerk is directed to forward to Petitioner a 28 U.S.C. § 2254 form petition.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Petitioner Craig Armstrong, a pretrial detainee at the DuPage County Jail (inmate #00125673), has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. He states that he pleaded guilty in 1997 to unlawful restraint and was sentenced to one year imprisonment. He contends that he finished his parole in December 1998, that he was not required to register (presumably as a sex offender) upon his release, and that he is currently incarcerated on new charges for failing to register. (DuPage County Circuit Court No. 2011 CF 002356). Petitioner also states that he has learned that the victim in his 1997 case (Case No. 97 CF 322) wrote a letter to an Assistant State's Attorney stating that she lied about the events leading to his 1997 conviction. Although the current petition is unclear, Petitioner appears to raise two arguments: (1) that new information that the victim lied invalidates his 1997 conviction, and (2) Petitioner's current charge for failing to register stems from his completed 1997 conviction and sentence and thus constitutes a double jeopardy violation.

    Given the uncertainty of Petitioner's claims regarding whether he seeks to challenge his 1997 conviction, his current charges, or both, the current petition is dismissed without prejudice to Petitioner submitting an amended petition that clarifies these issues. Petitioner must submit the amended petition on the court's form as required under N.D. Ill. Local Rule 81.3. The clerk shall forward a form petition to Petitioner.

    Additionally, federal habeas review is usually of a state court judgment, i.e., a conviction that has already occurred. *See* 28 U.S.C. § 2254(a). If Petitioner is challenging charges for which he has not been convicted, federal courts do not interfere with pending state criminal proceedings except in special circumstances and only after the petitioner has exhausted state court remedies. *Younger v. Harris*, 401 U.S. 37 (1971); *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). If Petitioner seeks to challenge his current criminal charges, he must present a claim that warrants federal habeas review prior to a conviction and should state whether he has presented his claim to the Illinois courts.

## STATEMENT

    In addition to submitting an amended petition, Petitioner must pay the $5.00 filing fee. Petitioner's IFP application indicates a balance of $175.05. Because Petitioner is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See, e.g., Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999) (citing *Lumbert v. Ill. Dep't of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987)). Petitioner is financially able to pay the $5.00 statutory filing fee for habeas corpus petitions and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court, 219 South Dearborn, Chicago, IL 60604.

    As to Petitioner's motion for appointment of counsel, the court may appoint counsel for an evidentiary hearing and at any time during the proceeding if the interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. At this stage, appointment of counsel is not warranted. Accordingly, Petitioner's motion for the appointment of counsel is denied without prejudice.

    For the foregoing reasons, to proceed with this case, Petitioner must: (1) submit an amended petition on this court's form that clearly sets forth what state court proceeding he is challenging (his current charges or the 1997 conviction), the claims he seeks to raise, and whether he has presented those claims to the state courts; and (2) pay the $5.00 filing fee. If the Petitioner fails to comply with this order within thirty (30) days, the court will summarily dismiss this case without prejudice.

Date: December 15, 2011

CHARLES P. KOCORAS
U.S. District Judge