# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8143 | **DATE** | April 23, 2012 |
| **CASE TITLE** | US ex rel. Armstrong vs. Peterson | | |

**DOCKET ENTRY TEXT**

Petitioner's motion (Doc [26]) to vacate the Court's prior orders dismissing his habeas petition is denied.

■[ For further details see text below.]   Docketing to mail notices.

## ORDER

This matter comes before the Court on Petitioner Craig Armstrong's ("Armstrong") motion to vacate the Court's prior orders dismissing his habeas petition. For the reasons set forth below, Armstrong's motion is denied.

Armstrong is a pretrial detainee at the DuPage County Jail (the "Jail"). On November 15, 2011, Armstrong filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2554 and a motion to proceed *in forma pauperis*. On December 15, 2011, the Court denied Armstrong's motion to proceed *in forma pauperis* and dismissed his petition. The Court instructed Armstrong that if he chose to proceed with his petition, he was required to pay the $5.00 filing fee and to file an amended petition clarifying his claims. Armstrong submitted an amended application but failed to pay the filing fee. On February 10, 2012, the Court dismissed Armstrong's amended petition for his failure to comply with the Court's December 15th Order. Specifically, the Court found that Armstrong failed to pay the filing fee and that based on Armstrong's amended petition, his claims were not ripe for habeas review. Armstrong subsequently submitted a second amended petition and now requests that this court vacate its earlier dismissals pursuant to Federal Rule of Civil Procedure 59(e).

To prevail on a motion to vacate a judgment under Rule 59(e), a petitioner must demonstrate a manifest error of law or present newly discovered evidence to support his claim. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Armstrong maintains that the Jail was responsible for his failure to pay the filing fee. However, Armstrong has not presented sufficient evidence to establish that the Jail committed any error. The Court's December 15th Order did not require the Jail to deduct the fee from Armstrong's account. Rather, the Court instructed Armstrong that if he chose to proceed with his claim,

**ORDER**

he would be required to both pay the filing fee and file an amended habeas petition. Furthermore, the Court's February 10th Order stated that even if Armstrong had paid the filing fee, his claims would nevertheless require dismissal because they were not ripe for habeas review. Armstrong's second amended petition suffers from the same deficiencies as his earlier petition. As Armstrong has neither demonstrated a manifest error of law nor presented newly discovered evidence supporting his claims, his motion to vacate the Court's prior rulings is denied.

Date: **April 23, 2012**

*Charles P. Kocoras*

**CHARLES P. KOCORAS**
**U.S. District Judge**